COURT OF APPEALS
DECISION
DATED AND FILED

**January 8, 2025**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP986-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2019CF629

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

BRIAN B. GRASHEL,

DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Walworth County: PHILLIP A. KOSS, Judge. *Affirmed*.

Before Gundrum, P.J., Grogan and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Brian B. Grashel appeals from a judgment of conviction for first-degree sexual assault of a child and incest with a child. He also appeals from an order denying his postconviction motion, in which he challenged the condition of extended supervision prohibiting him from possessing an Internet-capable device without prior agent permission and without the installation of monitoring software. We affirm.

## I. BACKGROUND

¶2 Grashel was convicted following a jury trial, at which incriminating recordings of phone calls and text messages between him and his brother were admitted into evidence.[1] Grashel had earlier sought to suppress the recordings and text messages, asserting his brother was acting as an agent of law enforcement at the time. The circuit court denied the motion, finding that although Grashel's brother was acting as an instrumentality of law enforcement, Grashel's statements were not obtained through impermissibly coercive tactics. Alternatively, the court concluded that even if Grashel's brother had committed some impropriety, the totality of the circumstances demonstrated that Grashel's statements were nonetheless voluntary.

¶3 The jury convicted Grashel, and the circuit court ordered concurrent sentences of thirteen years' initial confinement and fifteen years' extended supervision. As a condition of supervision, the court ordered that Grashel had to receive approval of his supervising agent before possessing an Internet-capable device. Grashel filed a postconviction motion arguing that this condition violated

---

[1] The victim was one of their relatives.

his First Amendment free-speech rights. The court denied the motion, finding the requirement narrowly tailored to the offense given that Grashel was technologically savvy and inappropriate touching occurred while the victim was playing computer games with Grashel. Grashel now appeals.

## II.  DISCUSSION

¶4    First, Grashel argues the circuit court erred by denying his suppression motion. For purposes of the voluntariness analysis, the presence or absence of actual coercion or improper police practices is a threshold matter that can be determinative of the issue. *State v. Vice*, 2021 WI 63, ¶31, 397 Wis. 2d 682, 961 N.W.2d 1. In reviewing a motion to suppress, we apply a mixed standard of review, upholding any findings of fact unless they are clearly erroneous, but independently considering whether those facts establish a constitutional violation. *Id.*, ¶21.

¶5    Here, Grashel ultimately fails to identify any improper or impermissibly coercive conduct on the part of police or, by extension, his brother. Grashel focuses on his brother's denials that he was working with law enforcement, as well as his brother's threats during the calls to go to law enforcement unless Grashel told him what had happened. Grashel frames these statements as his brother using their "personal relationship" to trick Grashel into making incriminating statements.

¶6    We agree with the State that Grashel's brief contains insufficient analysis on this point to establish a due process violation. *See State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992) (observing that we may decline to review issues that are inadequately briefed). Even overlooking that failure, we perceive nothing coercive about the circumstances. Although Grashel

3

faults his brother for "impl[ying] that he was not working with the police, and downright l[ying] that he was not recording his calls," it is "settled law that police may engage in active deception, including lying to a suspect, without rendering that suspect's statements involuntary," *Vice*, 397 Wis. 2d 682, ¶45. Indeed, and more broadly, "the law permits the police to pressure and cajole, conceal material facts, and actively mislead." *United States v. Rutledge*, 900 F.2d 1127, 1131 (7th Cir. 1990).[2]

¶7      Second, Grashel argues the extended supervision condition involving his Internet access violates his First Amendment rights as articulated in *State v. King*, 2020 WI App 66, 394 Wis. 2d 431, 950 N.W.2d 891. *King* used a two-part test to determine whether the condition of extended supervision was an unconstitutional restraint of the defendant's free-speech rights, first looking to whether the condition was overly broad in protecting the community and victims, and then analyzing whether the condition was reasonably related to the person's rehabilitation. *Id.*, ¶21.

¶8      The *King* court upheld the Internet restrictions in the face of a First Amendment challenge, and Grashel's arguments fare no better here. A major factor in the *King* decision was that the conditions of supervision did not constitute a blanket ban on Internet access: "King's DOC agent ha[d] court-ordered authority to allow King access to the [I]nternet." *Id.*, ¶41; *see also id.*, ¶47. The same is true here. Grashel is not prohibited from accessing the Internet;

---

[2] Alternatively, we agree with the circuit court's conclusion that even if the methods Grashel's brother used were deemed constitutionally improper, any coercive element present did not overcome Grashel's ability to resist.

but if he does possess a device with Internet access, it must be equipped with monitoring software and approved by his supervising agent.

¶9      In response, Grashel argues the restriction in his case is more onerous than the restriction in *King* because Grashel's crimes did not involve the use of the Internet, and this is his first conviction for a sex crime.  From this, Grashel reasons there "is no reason to believe that he will use the [I]nternet to troll for victims, like King repeatedly did."  We perceive this to be an argument that the Internet restriction is not reasonably related to his rehabilitation.[3]

¶10      On that point, we disagree.  A condition of supervision is reasonably related to the defendant's rehabilitation if the condition assists the defendant in conforming his or her conduct to the law.  *Id.*, ¶22.  At sentencing, the circuit court identified a high need for "close rehabilitative control" given Grashel's continual denial of his criminal conduct, his combative approach to the proceedings, and the specific nature of child sex offenses.  The court's postconviction rationale added that Grashel's technological competence and his use of computer gaming to facilitate the assault warranted agent approval for possession of Internet-capable devices.  On the whole, the court's explanations adequately demonstrate that the Internet restrictions will aid Grashel in conforming his conduct to the law.

¶11      Finally, Grashel makes a cursory argument that his convictions should be reversed using our discretionary reversal authority under WIS. STAT.

---

[3] This argument, like many of Grashel's, suffers from a lack of precision and an incomplete (or at least, insufficiently explained) analysis, and we could reject it as insufficiently developed.

§ 752.35 (2021-22).[4] His brief-in-chief's argument on this point is wholly conclusory; aside from quoting the statute, he offers just three sentences in support of it. One of those sentences focuses on the "impermissible coercive tactics" argument we rejected above.[5] Grashel's attempt to invoke our discretionary reversal authority is insufficiently developed, and we decline to further address it. *See Pettit*, 171 Wis. 2d at 646 (we may refuse to consider arguments that are supported only by general statements).

 *By the Court.*—Judgment and order affirmed.

 This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[4] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

[5] Grashel's reply brief offers no further elaboration. The entirety of his reply argument is just thirty words: "Brian's twenty-eight-year sentence for a single occurrence is unduly harsh. The statements on which the jury based its verdict were wrongly admitted. This Court should remand for a new trial."